*356
 
 Ruffin, J.
 

 Under the statute of descents of 1808, only-lands settled in fee simple, were advancements to be taken into account in the partition of other lauds descended. But the Revised Code, chap. 38, sec. 2, which went into operation the 1st of January, 1856, which was prior to the death of the propositus, uses the terms “ any real or personal estate,” which includes every thing settled or given to a child. Those terms are very broad in themselves, but they must be taken in the most extensive sense, when it is considered that all the previous statutes are repealed, and that this act complicates realty and personalty together in this respect, by making an excessive advancement in one kind of estate, a charge on the child’s share of the other kind. It seems,
 
 a
 
 fortiori, that it must be so in reference to the share of the things of the kind of that-advanced. For every thing must partake of the one nature or the other, and it is the apparent purpose of the act to make the child account for every thing received in the division, or distribution of the estates. That may lead to serious inconveniences in several respects, and particularly, in some instances where there have been advancements in personalty, by delaying the ascertainment of the rights of the children in the realty, until administration of the personal estate is closed^ and the several shares in it, ascertained. But no such obstacle is presented here, as no advancement of either kind is alleged on either side, except that to the defendants, of the father’s estate, as tenant by the curtestv. As to that, the statute now in force, is express and conclusive.
 

 The question remains, whether that is to be brought into hotohpot, since the conveyance was not to the daughter, but to her and her husband ; and next, which interest is to be taken into the estimate, and at what time. If the point were open, there might be grave doubts whether a conveyance of land to husband and wife is an advancement to be accounted for by her in the partition of lands descended from the father. At common law, it was not so as between coparceners. That consequence attached only to the peculiar gifts in frank-marriago, and not to an express estate tail special; for although a
 
 *357
 
 gift in frank-marriage, was a gift in special tail, yet it had this peculiarity, that the reversion in fee, was in the feme, and not in the donor’s heirs generally, and upon a dissolution of the marriage by divorce, the estate and enjoyment was in the feme, and not in the husband, as Lord Coke says. On the the other hand, gifts in frank-marriage were to bo brought into
 
 hotchpot
 
 at the full improved value of the land given.— Those analogies would seem to lead to different conclusions from those adopted by the courts of this State on those points; the latter of which, however, are the guides to our law. In
 
 Jones
 
 v.
 
 Speight,
 
 2 Murph. 89, it was held that lands conveyed to the husband were not to be brought into
 
 hotchpot
 
 in the division between the wife and her brothers and sisters, but that lands conveyed to the husband and wife were, in respect to a moiety of them, to be brought in, upon the ground, no doubt, that the chances of the husband and wife to get the estate, as the longer liver, were equal. There is no sound ground on which this case can be distinguished from that, on this point; and
 
 Toomer
 
 v.
 
 Toomer,
 
 2 Hay. Rep. 368;(1 Murph. 93,) decided that lands advanced are to be valued as of the time of the advancement, and such has been the uniform rule since. It follows that half the value of the father’s life-estate, at the time he made the deed to the defendants, is to be taken into account against the defendant, Mrs. Coward, as an advancement, aud estimated with the proceeds of the other land, in ascertaining the shares of the several heirs of the whole real estate.
 

 It must be referred to the clerk to inquire into the value of the life-estate at that time, and upon that basis compute the shares, when the price of the sold land shall be brought into Court
 

 Per Curiam, Decree accordingly.